**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:25-60640-CIV-DIMITROULEAS/HUNT

| | |
|---|---|
| ALANNAH FRIEDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PHILIP MORRIS INTERNATIONAL INC., | ) |
| SWEDISH MATCH NORTH AMERICA, | ) |
| LLC, SWEDISH MATCH USA, INC., PHILIP | ) |
| MORRIS GLOBAL BRANDS, INC., and PMI | ) |
| GLOBAL SERVICES, INC., | ) |
| | ) |
| Defendants. | |

**<u>DEFENDANTS' OPPOSITION TO</u>**
**<u>PLAINTIFF'S MOTION TO AMEND</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND ....................................................................................................1

III.   LEGAL STANDARD.............................................................................................3

IV.    ARGUMENT ..........................................................................................................3

     A.     Plaintiff's Proposed Amendment Would Be Futile ...................................3

          1.   The FDUTPA Claim Is Based on the Same Factual Allegations as the Related Plaintiffs' Dismissed Fraud Claims ...........................................3

          2.   The Dismissal with Prejudice of Related Plaintiffs' Fraud Claims Bars the FDUTPA Claim...............................................................................4

          3.   Even if Not Precluded, Plaintiff's FDUTPA Claim Fails for the Same Reasons as Related Plaintiffs' Fraud Claims ....................................6

               a.   Plaintiff's FDUTPA Claim Sounds in Fraud ...................................6

               b.   Plaintiff's FDUTPA Claim Fails to Meet Rule 9(b)....................11

V.     CONCLUSION.....................................................................................................13

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC*,
 2020 WL 5350303 (M.D. Fla. Sept. 4, 2020) .......................................................7, 9

*Andrx Pharms., Inc. v. Elan Corp., PLC*,
 421 F.3d 1227 (11th Cir. 2005) ...........................................................................3, 14

*Bates-Ferriera v. PMI, et al.*,
 Case No. 24-cv-00987 (E.D. Cal. 2024) .................................................................2

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
 761 F.3d 732 (7th Cir. 2014) ...................................................................................4

*Cockrell v. Sparks*,
 510 F.3d 1307 (11th Cir. 2007) ...............................................................................3

*Corsello v. Lincare*,
 428 F.3d 1008 (11th Cir. 2005) .........................................................................10, 13

*D.H.G. Props., LLC v. Ginn Cos., LLC*,
 2010 WL 5584464 (M.D. Fla. Sept. 28, 2010)........................................................7

*Dykes v. PMI, et al.*,
 Case No. 25-cv-01251 (N.D. Fla.)............................................................................2

*E & C Copiers Exp. Imp. Corp. v. Arizas Fotocopiadoras S.A.S.*,
 2016 WL 11480850 (S.D. Fla. June 29, 2016) .......................................................13

*Hornady v. Outokumpu Stainless USA, LLC*,
 118 F.4th 1367 (11th Cir. 2024) ..............................................................................5

*In re Adolor Corp. Sec. Litig.*,
 616 F. Supp. 2d 551 (E.D. Pa. 2009) .......................................................................9

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ..................................................................................4

*Louis v. Seaboard Marine, Ltd., Inc.*,
 2012 WL 13071863 (S.D. Fla. Feb. 27, 2012) ........................................................4

*Mack v. LLR, Inc.*,
 2019 WL 1873294 (C.D. Cal. Feb. 6, 2019)............................................................5

*Maultsby v. PMI, et al.*,
    Case No. 25-cv-02081 (M.D. Fla.) ...................................................................2

*Multiphone Latin Am. Inc. v. Millicom Int'l Cellular S.A.*,
    2025 WL 2480412 (S.D. Fla. Aug. 28, 2025)....................................................7

*Norris v. PMI, et al.*,
    Case No. 24-cv-01267 (D. Conn. 2024) ............................................................2

*Omnipol, A.S. v. Multinational Def. Servs., LLC*,
    32 F.4th 1298 (11th Cir. 2022) .......................................................................11

*PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*,
    2013 WL 12172912 (M.D. Fla. Aug. 28, 2013) ...............................................7

*Pilkington v. United Airlines, Inc.*,
    158 F.R.D. 508 (M.D. Fla. 1994)......................................................................3

*Pop v. LuliFama.com LLC*,
    145 F.4th 1285 (11th Cir. 2025) ............................................................. passim

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
    322 F.3d 1064 (9th Cir. 2003) .........................................................................5

*Thurn v. Kimberly-Clark Corp.*,
    2023 WL 4455630 (M.D. Fla. July 11, 2023) ................................................12

*U.S. ex rel. Clausen v. Lab'y Corp. of Am.*,
    290 F.3d 1301 (11th Cir. 2002) .......................................................................8

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .........................................................................7

*Volinsky v. Lenovo (United States) Inc.*,
    2024 WL 1299315 (M.D. Fla. Mar. 27, 2024) ...............................................12

*W. Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Tr.*,
    2010 WL 27907 (S.D. Fla. Jan. 5, 2010) .......................................................11

*Weitz Co. v. Tremco Inc. of Ohio*,
    2011 WL 13185725 (S.D. Fla., Mar. 28, 2011)................................................4

## STATE STATUTES

Florida Deceptive and Unfair Trade Practices Act ............................................. passim

## FEDERAL RULES

Fed. R. Civ. P. 9(b) ............................................................................................. passim

Fed R. Civ. P. 12(b)(6)..................................................................................................................3

## I.      INTRODUCTION

Plaintiff Friedman's motion to amend to add a Florida Deceptive and Unfair Trade Practices Act claim is identical to motions filed in the related *Kelly*,[1] *Palmer*, and *Lendinara* actions.  Defendants file this Opposition to oppose that amendment on the same grounds as the oppositions filed in the related cases.

In *Kelly*, *Palmer*, and *Lendinara*, each of the plaintiffs, represented by the same counsel as Friedman here, twice attempted to plead a fraud-based claim.  In all instances, the Court dismissed those claims because the plaintiffs did not satisfy Rule 9(b).  After the Court had already dismissed those claims, Friedman filed her complaint based on the same pleaded facts but without a fraud claim, and the Court granted Defendants' unopposed motion to adopt the prior dismissal orders in the related cases in *Friedman*.  Now, a year and a half into the first-filed *Kelly* case, the four related plaintiffs seek to add yet another fraud-based claim to their complaints, this time styled as a claim under the Florida Deceptive and Unfair Trade Practices Act.  The FDUTPA claim rests on the same allegations as the related cases' twice-dismissed fraud claims.  Because the Eleventh Circuit recently confirmed that Rule 9(b) applies to FDUTPA claims that sound in fraud, and because Plaintiff has merely repackaged the insufficient fraud claims as a FDUTPA claim, her proposed amendment is futile.  Leave to add the FDUTPA claim should be denied.

## II.     BACKGROUND

Plaintiffs in each of the related *Kelly*, *Palmer*, and *Lendinara* actions asserted four claims: design defect, failure to warn, negligence, and fraud.  *Zachary Kelly v. Philip Morris International Inc., et al.* (Case No. 24-cv-60437-WPD); *Kovadis Palmer v. Philip Morris International Inc., et*

---

[1] The motion to amend in *Kelly* also seeks to add two new plaintiffs Darryl Maultsby and Griffin Dykes to that putative class action.

*al.* (Case No. 24-cv-60522-WPD); and *Lendinara v. Philip Morris International Inc., et al.*, (Case No. 0-24-cv-61371-WPD).   In August 2024, the Court dismissed Plaintiff Kelly's fraud claim because the fraud "allegations [were] overly broad, vague, and too indeterminate for purposes of Rule 9(b)."   *Kelly*, ECF No. 58 at 13–14.   The Court explained that "Plaintiff's fraud claim does not satisfy Rule 9(b) because Plaintiff fails to specifically identify what advertisements Plaintiff viewed (or the specific contents thereof), when he viewed them, or how they were misleading."   *Id.* at 13.   The Court dismissed Plaintiff Palmer's fraud claim and Plaintiff Lendinara's fraud claim for the same reasons.   *Palmer*, ECF No. 48; *Lendinara*, ECF No. 23.

The court granted leave to amend in each of the related cases, and in December 2024, the three plaintiffs filed amended complaints that re-styled the fraud claims as fraudulent concealment but made only minor changes to the factual allegations.   *See, e.g.*, *Kelly*, ECF No. 87 ("*Kelly* Am. Compl.").   The plaintiffs did not, at that time, assert claims under FDUTPA, even though by then another complaint had been filed in the district of Connecticut (where PMI is headquartered) raising a FDUTPA claim.   *See Norris v. PMI, et al.*, (D. Conn.) Case No. 24-cv-01267 (filed July 2024).[2]   In each case, the Court granted Defendants' motion to dismiss the repleaded fraud claims in the amended complaints under Rule 9(b) with prejudice, concluding there were "still insufficient allegations to support the fraudulent concealment" claims.   *See, e.g.*, *Kelly*, ECF No. 118 at 3.

Plaintiff Friedman then filed this case in April 2025.   She pleaded only the claims that were then-live and did not bring a fraud claim.   Pursuant to Defendants' unopposed motion, the Court adopted its prior rulings in the *Kelly*, *Palmer*, and *Lendinara* actions in Friedman's case, ECF No. 31, including its dismissal orders, and set the same case deadlines in its Scheduling Order, ECF

---

[2] Another lawsuit, raising consumer protection claims under California law, was filed in March 2024.   *See Bates-Ferriera v. PMI, et al.*, (E.D. Cal.) Case No. 24-cv-00987.

No. 30.  On the last day permitted by the Court's Scheduling Order, Plaintiff filed a motion to amend her complaint.  ECF No. 49 ("Mot.").[3]  The Proposed Amended Complaint adds no new factual allegations, but inserts a new, fraud-based claim under FDUTPA.  ECF No. 49-2 (Proposed Am. Compl., "PAC").

## III.   LEGAL STANDARD

Courts may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) (citation and internal quotation marks omitted).   A proposed amendment would be futile if it could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  "The decision to grant or deny leave to amend lies within the sound discretion of the district court."  *Pilkington v. United Airlines, Inc.*, 158 F.R.D. 508, 509 (M.D. Fla. 1994).

## IV.   ARGUMENT

### A.   Plaintiff's Proposed Amendment Would Be Futile

#### 1.   The FDUTPA Claim Is Based on the Same Factual Allegations as the Related Plaintiffs' Dismissed Fraud Claims

Plaintiff's FDUTPA claim rests on the same factual allegations as related plaintiffs' failed fraud claims.  Indeed, as is clear from the redline of the proposed amended complaint attached to related plaintiffs' motions as Exhibit 1, the factual allegations supporting the proposed FDUTPA claim are word-for-word *identical* to the factual allegations in the prior complaints with related

---

[3] Plaintiff has filed two motions for leave to amend her complaint.  ECF Nos. 48 & 49.  The motions are identical, save for one correction made in the second-filed motion.

plaintiffs' dismissed fraudulent concealment claims. *See Kelly*, ECF No. 150-1, ¶¶ 44–73 (factual allegations section unchanged from prior complaint). And the key allegations in her proposed Cause of Action IV under FDUTPA are nearly identical to the allegations in related plaintiffs' dismissed Cause of Action IV for fraudulent concealment. *See* Appendix 1 (comparing key paragraphs from dismissed fraudulent concealment claim in Plaintiff Kelly's amended complaint to paragraphs from the proposed FDUTPA claim in Plaintiff's proposed amendment). In support of both claims, Plaintiff alleges that Defendants concealed or omitted that ZYN "was an extremely potent nicotine delivery device; Zyn was designed to create and sustain nicotine addiction; and posed significant risks of substantial injury resulting from use of Zyn" and that "[p]romoting Zyn as 'tobacco-free' and like descriptors such as 'cleaner than anything out there' explicitly or implicitly represents that Zyn is less harmful that other nicotine-based products, or that Zyn contains less of a substance, like nicotine, than others, or that Zyn is free of a substance compared to others." PAC ¶ 129; *Kelly* Am. Compl. ¶ 131. The FDUTPA claim is therefore not a new claim in any sense other than its label.

## 2. The Dismissal with Prejudice of Related Plaintiffs' Fraud Claims Bars the FDUTPA Claim

The Court has already decided in related plaintiffs' cases that the factual allegations do not plausibly state a fraud claim under Rule 9(b), and the Eleventh Circuit recently confirmed that Rule 9(b) applies to the FDUTPA claim as well, resolving a longstanding split among district courts. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1293 (11th Cir. 2025); *see also*, *infra* IV.A.3.[4]

---

[4] The Eleventh Circuit's application of Rule 9(b) to FDUTPA claims is in accord with other circuits that have applied Rule 9(b)'s heightened standard to statutory consumer-protection claims that sound in fraud. *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (requiring California consumer-protection claims to meet Rule 9(b)'s particularity requirement where Plaintiff alleged a fraudulent course of conduct); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (same for Illinois consumer-protection claims).

The fact that Plaintiff now calls the claim by a different name is immaterial.  When a court dismisses a claim with prejudice, an "amended pleading should not reassert that claim." *Louis v. Seaboard Marine, Ltd., Inc.*, 2012 WL 13071863, at *1 (S.D. Fla. Feb. 27, 2012).

If Plaintiff tried to bring her FDUTPA claim in a separate suit against these same Defendants, it would be barred by res judicata.  That is because "[i]t would defeat the purpose of res judicata to permit" Plaintiff to "avert the finality of a prior judgment … through artful pleading and the refashioning of claims already-adjudicated upon." *Weitz Co. v. Tremco Inc. of Ohio*, 2011 WL 13185725, at *7 (S.D. Fla., Mar. 28, 2011), *aff'd sub nom. The Weitz Co., LLC v. Tremco Inc. Of Ohio*, 443 Fed. Appx. 426 (11th Cir. 2011).  Stated another way, "an imaginative attorney" may not "avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003) (citation and internal quotation marks omitted).  When a party tries to relabel a dismissed claim in the same suit, courts routinely dismiss those claims for the same fundamental preclusion reasons.  *Mack v. LLR, Inc.*, 2019 WL 1873294, at *6 n.2 (C.D. Cal. Feb. 6, 2019) (where court dismissed fraud-based consumer-protection claim, it was "unimpressed" with plaintiff's "mov[e] to an omission theory for all fraud-based claims" while "rely[ing] on almost precisely the same allegations of fact").

The Eleventh Circuit has cautioned that "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024).  Plaintiff has not sought reconsideration of the dismissal with prejudice of related plaintiffs' fraudulent concealment claim—which were adopted in this case— nor identified any errors in the ruling or why the Court should depart from the "important interests

of finality, stability, and predictability" by changing course. *Id.* Without any justification for revisiting the prior ruling, the Court's dismissal with prejudice bars Plaintiff's attempt to replead the fraud-based claim, and the Court should deny the proposed amendment as futile.

        **3.**      **Even if Not Precluded, Plaintiff's FDUTPA Claim Fails for the Same Reasons as Related Plaintiffs' Fraud Claims**

Even if the dismissal with prejudice of Plaintiff's fraud claim did not preclude a new FDUTPA claim, the claim would still fail because (a) it sounds in fraud and therefore is subject to Rule 9(b); and (b) the allegations do not remotely satisfy Rule 9(b).

        a.      <u>Plaintiff's FDUTPA Claim Sounds in Fraud</u>

Last month, in *Pop*, the Eleventh Circuit resolved a split among district courts and held that FDUTPA claims that sound in fraud are subject to Rule 9(b). 145 F.4th 1285. FDUTPA allegations sound in fraud when they are closely analogous to common-law fraud. *Id.* at 1294. The key issue is whether the claim concerns allegations of misrepresentation or concealment of material facts. As *Pop* explained, "[a]t bottom, the 'basic conduct' that common-law fraud targets is 'misrepresenting or concealing material facts.'" *Id.* at 1295.

Plaintiff's proposed FDUTPA claim sounds in fraud under this standard. First, the factual allegations supporting the proposed FDUTPA claim are identical to the factual allegations related plaintiffs used to support the fraudulent concealment claims. The complaints allege that Defendants misrepresented or concealed material facts in marketing ZYN as a strategy to mislead consumers into purchasing the product. Second, even in her newly revised cause of action section alleging a FDUTPA violation, Plaintiff uses language nearly identical to the language used in previous attempts to plead causes of action for fraud and then fraudulent concealment. *See* Appendix 1. Plaintiff alleges that Defendants "represent[ed] or omitt[ed] facts concerning Zyn's nicotine content, addictiveness, flavoring content, and safety." PAC ¶ 125. Defendants allegedly

did so by stating that ZYN was "'tobacco free' when in fact Zyn is derived from tobacco" and "'cleaner than anything out there'" to suggest that ZYN is "less harmful" than other nicotine-based products, *id.* ¶¶ 126, 129; "represent[ing] Zyn as safe, healthful, or not harmful," *id.* ¶ 127; and omitting that "the nicotine in Zyn can cause cognitive and mental health injuries, periodontal disease, vascular injuries," that ZYN is "powerfully addictive" and "an extremely potent nicotine delivery device … designed to create and sustain nicotine addiction," and that it "posed significant risks of substantial injury." *id.* ¶¶ 128–29.  All of this, Plaintiff alleges, was to "mislead a consumer" into purchasing and/or using ZYN.  *Id.* ¶ 124.

These allegations of misrepresentation and concealment are no different than the allegations in *Pop* that the Eleventh Circuit held sounded in fraud.  In *Pop*, the plaintiff alleged that the defendant swimwear brand had "disguise[d] [online influencers'] advertising as honest consumer recommendation," misrepresented its relationships with online influencers, and failed to disclose that influencers' posts were paid advertisements.  145 F.4th at 1295 (citation and internal quotation marks omitted).  Because the defendant's alleged "strategy" involved disguising the influencers' advertising as honest and concealing its relationship with the influencers, and because Pop allegedly relied on the undisclosed paid advertising, the Court concluded that plaintiff's "FDUTPA claim—even though it had different elements than fraud—sounded in fraud." *Id.*

The one district court that, to date, has applied *Pop* similarly concluded that a FDUTPA claim sounded in fraud where plaintiff alleged that defendant made "material misrepresentations during contract negotiations and performance about its commitment to the partnership." *Multiphone Latin Am. Inc. v. Millicom Int'l Cellular S.A.*, 2025 WL 2480412, at *7 (S.D. Fla. Aug. 28, 2025).  The allegations did not perfectly track a common-law fraud claim, but the FDUTPA

claim sounded in fraud because, "[a]t bottom," the allegations concerned misrepresenting or concealing material facts. *Pop*, 145 F.4th at 1295.[5]

The proposed amended complaint strips out the words "fraud" and "fraudulently" used in the prior fraud-based claims, *see* Appendix 1, but "the factual allegations underlying the claim— and not the claim's styling—determine whether Rule 9(b) applies." *Pop*, 145 F.4th at 1295; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("the pleading requirements of Rule 9(b) cannot be evaded simply by avoiding the use of th[e] magic word"). As explained above, Plaintiff's factual allegations supporting her proposed FDUTPA claim are the same as the allegations made to support the failed fraudulent concealment claims. *See Kelly*, ECF No. 150-1, ¶¶ 44–73. And Plaintiff alleges that Defendants employed "fraudulent and deceptive youth marketing business practices." PAC ¶ 52; *see Pop*, 145 F.4th at 1295 (noting that complaint "stated twice that the defendants engaged in 'fraud'"). At bottom, the crux of Plaintiff's claim is unchanged from prior fraud claims: Plaintiff alleges that Defendants misled consumers into buying ZYN through misrepresentations or omissions. These allegations fall squarely within *Pop*'s holding.

Rule 9(b) applies to Plaintiff's entire FDUTPA claim notwithstanding her vague assertion that Defendants' conduct was also "unfair." *See, e.g.*, PAC ¶ 133. To be sure, Rule 9(b) only

---

[5] Although district courts in the Eleventh Circuit previously disagreed about applying Rule 9(b) to FDUTPA claims, courts that applied Rule 9(b) consistently found that FDUTPA claims based on alleged misrepresentations or concealment sounded in fraud. *See Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC*, 2020 WL 5350303, at *4 (M.D. Fla. Sept. 4, 2020) (applying Rule 9(b) to FDUTPA claim premised on false statements and misrepresentations); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, 2013 WL 12172912, at *6 (M.D. Fla. Aug. 28, 2013) (applying Rule 9(b) to FDUTPA claim that "hinge[d] on allegations of misrepresentations and concealments of material facts"); *D.H.G. Props., LLC v. Ginn Cos., LLC*, 2010 WL 5584464, at *5 n.9 (M.D. Fla. Sept. 28, 2010) (applying Rule 9(b) to FDUTPA claim where plaintiff raised "a series of alleged misrepresentations").

applies to FDUTPA claims that sound in fraud, *Pop*, 145 F.4th at 1292–94, but simply labeling the conduct unfair, in addition to deceptive, does not render Rule 9(b) inapplicable. *Pop* similarly considered fraud-based allegations that the plaintiff brought under both the deceptive and unfair prongs of the statute, and the Court held that Rule 9(b) applied to the entire FDUTPA claim: "[T]he nature of the allegations supporting a claim—not the labels that a plaintiff uses—determines the application of Rule 9(b)." *Pop*, 145 F.4th at 1296 n.10.

Plaintiff argues that a FDUTPA claim does not sound in fraud if it does not plead specific intent to deceive and subjective reliance, Mot. at 4, but that interpretation would render *Pop* a nullity. The Eleventh Circuit explicitly rejected the argument that Plaintiff appears to be making here that a claim sounds in fraud only if its elements match the elements of common-law fraud. *Pop*, 145 F.4th at 1293–94; *see also U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1309 (11th Cir. 2002) ("regardless of whether the elements" of a claim "are precisely the same as common-law fraud," Rule 9(b) applies to claims that are premised on alleged fraudulent conduct). If *Pop* required a plaintiff's allegations to *exactly* track the elements of common-law fraud, a FDUTPA plaintiff could always avoid Rule 9(b) by not pleading specific intent or subjective reliance (which are not elements of a FDUTPA claim), and FDUTPA would never be subject to Rule 9(b). *Cf. In re Adolor Corp. Sec. Litig.*, 616 F. Supp. 2d 551, 577–78 (E.D. Pa. 2009) ("notwithstanding artful pleading, the proper analysis for determining whether Rule 9(b) applies to a Section 11 claim is to examine the factual allegations that support [the] legal claim to see if they are based on fraud" (citation and internal quotation marks omitted)). The same would be true for plaintiffs bringing claims for "unjust enrichment, civil theft, and negligent misrepresentation [which] do not perfectly overlap with the elements of fraud" but may still "sound in fraud." *Pop*, 145 F.4th at 1293.

The Eleventh Circuit did not resolve a longstanding split of authority within the circuit about the application of Rule 9(b) to FDUTPA claims just to create an artful pleading workaround. Instead, a FDUTPA claim sounds in fraud when it centers around the "basic conduct" of misrepresentation or concealment to induce another to (among other things) engage in a transaction, *Pop*, 145 F.4th at 1295; *see also Altamonte Pediatric Assocs.*, 2020 WL 5350303, at *4 (concluding that FDUTPA claim sounded in fraud because it was premised on false statements and misrepresentations)—exactly as Plaintiff's claim does here.

Even if a FDUTPA complaint required allegations of intent and reliance for Rule 9(b) to apply, Plaintiff has attempted to plead facts that go to both.  Although the proposed amended complaint still lacks the particularized allegations necessary to support a fraud-based claim, the proposed complaint, using language identical to the current complaint, continues to assert (incorrectly) that Defendants engaged in a purposeful marketing scheme to mislead consumers. *See, e.g.*, PAC ¶ 48 (Defendants' advertisements maintaining that ZYN was "'tobacco-free'" and "'cleaner than anything out there,'" were "false, misleading, and ***purposefully target***[] youth and naïve tobacco users." (emphasis added)).  She repeats the allegation, for instance, that Defendants employed a "strategy" "to capture non-tobacco users through the use manipulative techniques to make a product attractive to the uninitiated." *Id.* ¶ 57.  "[I]n other words, the defendants' [alleged] deception was intentional."  *Pop*, 145 F.4th at 1295 (concluding that plaintiff alleged intentionality based on plaintiff's allegation that defendant failed to disclose payments to influencers as part of defendant's "strategy" to deceive consumers).

Plaintiff also alleges that consumers would reasonably be induced by the misrepresentations or omissions into buying ZYN.  *See* PAC ¶ 124 ("Defendants made and continue to make representations, omissions, and practices that are likely to mislead a consumer

acting reasonably in the circumstances, to the consumer's detriment."). Even though FDUTPA does not require a plaintiff to prove subjective reliance, the allegation that consumers generally would be misled into buying the product is analogous to reliance under common-law fraud. Thus, even if Plaintiff were correct that Rule 9(b) applies only if a Plaintiff alleges intent and reliance, Rule 9(b) would apply here.

        b.      <u>Plaintiff's FDUTPA Claim Fails to Meet Rule 9(b)</u>

Denial of a motion to amend is warranted when a proposed amendment "still fail[s] to meet the standard of Rule 9(b)," which led to a dismissal of the prior claim. *Corsello v. Lincare*, 428 F.3d 1008, 1015 (11th Cir. 2005). Plaintiff's factual allegations are nearly identical to the prior fraud-based claims that the Court dismissed for failing to meet Rule 9(b). She still fails to identify "the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022). As the Court previously explained, "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Kelly*, ECF No. 58 at 13 (citing *W. Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Tr.*, 2010 WL 27907, at *4 (S.D. Fla. Jan. 5, 2010)). Plaintiff failed to set forth any such facts here.

The Court already ruled that Plaintiff's factual allegations—which are the same as the allegations in the related plaintiffs' complaints—lack the specificity required by Rule 9(b). In dismissing Plaintiff Kelly's fraud claim, for example, the Court held that Plaintiff Kelly did "not satisfy Rule 9(b) because Plaintiff fail[ed] to specifically identify the advertisements Plaintiff viewed (or the specific contents thereof), when he viewed them, or how they were misleading."

*See Kelly*, ECF No. 58 at 13.  The *Kelly* Amended Complaint—along with the amended complaints filed in *Palmer* and *Lendinara*—reframed the fraud claim as fraudulent concealment and added the allegation that "Plaintiff has seen Zyn advertising on FaceBook and other forms of social media, of the type contained in this complaint, which suggests, falsely, that Zyn is not a tobacco product [or that Zyn is tobacco-free], and that Zyn is not harmful to one's health,"[6] but the Court found that Plaintiff Kelly's allegations were "still insufficient."  *See Kelly*, ECF No. 118 at 3. Plaintiff Friedman's proposed amendment does nothing to make these generic allegations more specific.  *See* PAC ¶ 8.  These vague allegations remain insufficient to plead a fraud-based claim here.

The few new allegations Plaintiff includes in the proposed amended complaint do not cure the prior failures to plead fraud with particularity.  *First*, Plaintiff says that "Defendants' representations and omissions were made on social media from the time that Plaintiff began using Zyn and have continued to this date."  PAC ¶ 132; Mot. at 4–5.[7]  But an allegation that Defendants made statements "on social media" over some indeterminate time does not show "what advertisements Plaintiff viewed (or the specific contents thereof), when he viewed them, or how they were misleading."  *Kelly*, ECF No. 58 at 13–14 (quoting *Volinsky v. Lenovo (United States) Inc.*, 2024 WL 1299315, at *8 (M.D. Fla. Mar. 27, 2024) ("[T]he mere suggestion that a fraudulent misrepresentation occurred somewhere on Lenovo's website at some indeterminate time in the year 2019 does not satisfy Rule 9(b) either.")).

---

[6] Plaintiffs Palmer and Lendinara added virtually identical language to their respective complaints, which the Court concluded were insufficient.

[7] While this exact language was not in her prior complaint, Plaintiff previously alleged that she "was influenced by [unspecified] marketing and advertising, which drove her purchases of Zyn when she began using Zyn," and that she "has seen Zyn advertising in Facebook and other social media."  Compl. ¶ 8.

*Second*, the proposed FDUTPA claim includes a new paragraph summarizing various ways consumers were allegedly misled—for example, Plaintiff claims consumers would likely have been misled into believing that ZYN is a smoking-cessation device and a reasonable alternative to cigarettes, PAC ¶ 130—but these theories were included in related plaintiffs' prior complaints, *see, e.g.*, *Kelly* Am. Compl. ¶¶ 128, 130–32.  And more crucially, Plaintiff still fails to allege any particular "statements [she] received and relied upon before purchasing" ZYN.  *Thurn v. Kimberly-Clark Corp.*, 2023 WL 4455630, at *5 (M.D. Fla. July 11, 2023) (dismissing fraudulent concealment claim for lack of specificity); *see also Pop*, 145 F. 4th at 1297 (concluding district court properly dismissed FDUTPA claim for failure to meet Rule 9(b) "[b]ecause the[] allegations d[id] not specify which defendants made which posts, what the posts said, when the posts were made, when Pop saw the posts, or how—in any detail—the posts caused Pop or anyone else to purchase which products").  These allegations still fall far short of the specificity required by Rule 9(b).

Like all of the prior fraud claims, the proposed FDUTPA claim fails to meet Rule 9(b).  An amendment to add the FDUTPA claim would be futile and should be denied.  *See, e.g.*, *Corsello*, 428 F.3d at 1015 (affirming denial of motion to amend after a Rule 9(b) dismissal because "allowing [plaintiff] to amend his complaint would have been futile, because [plaintiff's] proposed complaint still failed to meet the standard[s] of Rule 9(b)"); *E & C Copiers Exp. Imp. Corp. v. Arizas Fotocopiadoras S.A.S.*, 2016 WL 11480850, at *2 (S.D. Fla. June 29, 2016) (denying motion to amend where "any amendment would be futile since Plaintiff will still fail to meet the pleading requirements set forth in Rule 9(b)").

## V.   CONCLUSION

Plaintiff's request to add a FDUTPA claim should be denied.

Dated: September 25, 2025

Respectfully submitted,

By: */s/ Paul C. Huck, Jr.*
**PAUL C. HUCK, JR.**
Florida Bar No. 968358
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
paul@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
leah@lawsonhuckgonzalez.com

**MICHAEL R. DOYEN** (*admitted pro hac vice*)
**DANIEL B. LEVIN** (*admitted pro hac vice*)
**BETHANY W. KRISTOVICH** (*admitted pro hac vice*)
**JOHN L. SCHWAB** (*admitted pro hac vice*)
Primary Email: daniel.levin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 687-3702

*Attorneys for Defendants Swedish Match North America LLC and Swedish Match USA, Inc.*

By: */s/ Martin B. Goldberg*
**MARTIN B. GOLDBERG**
Florida Bar No. 827029
Primary: mgoldberg@lashgoldberg.com
Secondary: rdiaz@lashgoldberg.com
**LYNNETTE CORTES MHATRE**
Florida Bar No. 1052015
Primary: lmhatre@lashgoldberg.com
Secondary: obencomo@lashgoldberg.com

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
Miami Tower, Suite 1200
100 S.E. 2nd Street
Miami, FL 33131
Tel: (305) 347-4040
Fax: (305) 347-4050

**LATHAM & WATKINS LLP**
Christine G. Rolph (*admitted pro hac vice*)
Christine.Rolph@lw.com
Chase A. Chesser (*admitted pro hac vice*)
Chase.Chesser@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

U. Gwyn Williams (*admitted pro hac vice*)
Gwyn.Williams@lw.com
200 Clarendon Street 26th Floor
Boston, MA 02116
(617) 880-4500

*Attorneys for Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., and PMI Global Services, Inc.*

**APPENDIX 1**[8]

| **Key Paragraphs from Dismissed Cause of Action IV (Fraudulent Concealment) in _Kelly_ Amended Complaint** | **Key Paragraphs from Proposed Cause of Action IV (FDUTPA) in _Friedman_ Proposed Amended Complaint** |
|---|---|
| "The Swedish Match Defendants, and since the acquisition, all Defendants created and implemented a plan to generate a market for Zyn and substantially increase sales of Zyn through a pervasive pattern of false and misleading statements and omissions. Defendants' plan was intended to portray Zyn as cool and safe alternatives to combustible cigarettes and e-cigarettes, with a particular emphasis on appealing to minors, based in part on flavors while misrepresenting or omitting key facts concerns Zyn's nicotine content, addictiveness, flavoring content and safety." Am. Compl. at 120. | "The Swedish Match Defendants, and since the acquisition, all Defendants ~~created and implemented a plan to generate a market for Zyn and substantially increase sales of Zyn through a pervasive pattern of false and misleading statements and omissions. Defendants' plan was intended to~~ portray Zyn as cool and safe alternatives to combustible cigarettes and e-cigarettes, with a particular emphasis on appealing to minors based in part on flavors, while ~~misrepresenting~~ representing or omitting ~~key~~ facts ~~concerns~~ concerning Zyn's nicotine content, addictiveness, flavoring content, and safety." PAC at 125. |
| "The Swedish Match Defendants', and since the acquisition, all Defendants ' marketing, promoting, and advertising contained deceptive statements like 'tobacco free' when in fact Zyn is derived from tobacco." Am. Compl. at 121. | "The Swedish Match Defendants', and since the acquisition, all Defendants' marketing, promoting, and advertising contained ~~deceptive~~ statements like 'tobacco free' when in fact Zyn is derived from tobacco." PAC at 126. |
| "The Swedish Match Defendants, and since the acquisition, all Defendants further fraudulently and deceptively marketed Zyn as safe, healthful, or not harmful when Defendants knew it to be untrue." Am. Compl. at 122. | "The Swedish Match Defendants, and since the acquisition, all Defendants ~~further fraudulently and deceptively marketed~~ represented Zyn as safe, healthful, or not harmful ~~when Defendants knew it to be untrue~~." PAC at 127. |
| "The Swedish Match Defendants, and since the acquisition, all Defendants further fraudulently and deceptively downplayed, minimized, and concealed the risks associated with Zyn generally. Defendants concealed that the nicotine in Zyn can cause cognitive and mental health injuries, periodontal disease, vascular injuries. Defendants further fraudulently and deceptively concealed that Zyn was powerfully addictive and that its | "The Swedish Match Defendants, and since the acquisition, all Defendants ~~further fraudulently and deceptively downplayed, minimized, and concealed~~ made misleading representations about and omitted the risks associated with Zyn generally. Defendants ~~concealed~~ omitted that the nicotine in Zyn can cause cognitive and mental health injuries, periodontal disease, vascular injuries. Defendants ~~further fraudulently and~~ |

---

[8] The words that have been removed from Cause of Action IV in the proposed amendment are struck through, and the words that have been added are underlined.

| Key Paragraphs from Dismissed Cause of Action IV (Fraudulent Concealment) in _Kelly_ Amended Complaint | Key Paragraphs from Proposed Cause of Action IV (FDUTPA) in _Friedman_ Proposed Amended Complaint |
|---|---|
| design inherently demanded dependency." Am. Compl. at 123. | ~~deceptively concealed~~ omitted that Zyn was powerfully addictive and that its design inherently demanded dependency."  PAC at 128. |
| "Defendants' marketing, promoting, and advertising failed to disclose that it was an extremely potent nicotine delivery device; Zyn was designed to create and sustain nicotine addiction; and posed significant risks of substantial injury resulting from use of Zyn. Promoting Zyn as 'tobacco-free' and like descriptors such as 'cleaner than anything out there' explicitly or implicitly represents that Zyn is less harmful that other nicotine-based products, or that Zyn contains less of a substance, than others, or that Zyn is free of a substance compared to others." Am. Compl. at 124. | "The Swedish Match Defendants, and since the acquisition, all Defendants' marketing, promoting, and advertising ~~failed to disclose that it~~ omitted that Zyn was an extremely potent nicotine delivery device; Zyn was designed to create and sustain nicotine addiction; and posed significant risks of substantial injury resulting from use of Zyn. Promoting Zyn as 'tobacco-free' and like descriptors such as 'cleaner than anything out there' explicitly or implicitly represents that Zyn is less harmful that other nicotine-based products, or that Zyn contains less of a substance, like nicotine, than others, or that Zyn is free of a substance compared to others."  PAC at 129. |

16